### JESUS TORREZ v. THE STATE.

#### No. 5047. Decided May 29, 1918.

**Murder—Self-defense—Charge of Court.**

Where, upon trial of murder, the evidence raised the issue of self-defense, a failure to charge thereon is reversible error. See facts in opinion raising the issue of self-defense.

Appeal from the District Court of DeWitt. Tried below before the Hon. John M. Green.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Sam C. Lackey,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, and *A. C. Hartman,* District Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder, his punishment being assessed at twenty-five years confinement in the penitentiary.

The only question presented for decision is the failure of the court to submit the law of self-defense. The evidence suggesting this issue comes mainly from the defendant's side of the case. The facts show it was Thanksgiving Day, and the section hands, deceased and appellant being of that number, were enjoying a holiday. The boss of the section gang invited the four men working under him to repair to a beer saloon and enjoy a glass of beer at his expense. After taking the beer the parties began treating each other to glasses of beer. Finally appellant ordered beer "for the crowd." Deceased remarked that he would not pay for that beer. Appellant told him he had ordered the beer, and had money with which to pay for it, and would do so. Deceased pressed the quarrel. Later they left the saloon and went to a water closet. While there deceased renewed the quarrel, stating to appellant, in substance, that "he was not a man to meet him." In other words, the substance of this conversation was that deceased informed appellant he would not fight him, and was not man enough to do so. Appellant deprecated the quarrel, stating there was no necessity for having any trouble. They returned to the saloon. Shortly afterward appellant left the saloon, and it seems was followed by deceased, or at least they met not far from it, when deceased renewed the quarrel, this time slapping or striking appellant with his hand or fist, and perhaps did both. He also kicked him with his foot two or three times, and appellant again informed deceased there was no necessity for having trouble; that they were both married men and had families, and should not engage in trouble. The treatment by deceased seems to have humiliated appellant. During one of their quarrels deceased told appellant he was not man enough to meet him at the bridge. Appellant left after receiving the blows and kicks and went to his house, in which both he and deceased and their families resided, secured a large knife, put it upon his person and came towards the depot. Going in that direction he observed deceased going in the direction of a bridge. Deceased motioned or called him, or did both, to come to him. Appellant went in that direction. As he approached deceased threw rocks at and struck him on the head or face a time or two, the blow being sufficient to cause appellant to bleed freely. Appellant then threw rocks at deceased, and deceased threw other rocks, and the fight continued until appellant jerked his knife and killed deceased. This is the evidence presenting the issue of self-defense. The court refused to charge upon this issue, and also refused a special instruction requested by appellant.

If appellant obtained the knife and went to where deceased was with a view of engaging in a difficulty with him and did some act that brought

about tne difficulty, he would be deprived of the right of self-defense. If, however, he obtained the knife to defend himself against the aggression of deceased, who had previously assaulted him in the manner above described, and in case deceased should again attack him, and did nothing to bring on the difficulty, then he would be entitled to a charge on self-defense. If he went where deceased was on invitation and call of deceased and the deceased attacked him with rocks, his right of self-defense was not eliminated. He had the right to arm himself in anticipation of an attack by the deceased. He had no right to arm himself and go where deceased was for the purpose of killing him, and if he did any act then that brought on the difficulty he would be deprived of the right of self-defense. The issue of self-defense, we think, was in the case, and should have been submitted.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*